UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:15CV-00066-HBB

TD BANK, N.A.                                                                                                     PLAINTIFF

VS.

SNP SAIRAM HOSPITALITY, LLC, and
PANNABEN PATEL                                                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the motion of Plaintiff TD Bank, N.A. ("TD Bank") for summary judgment (DN 16). Defendants SNP Sairam Hospitality, LLC ("SNP") and Pannaben Patel ("Patel") filed a response in opposition (DN 18), and TD Bank filed a reply (DN 22). SNP was granted permission to file a sur-reply on the limited issue of TD Bank's claim for attorney fees but did not file a sur-reply. Pursuant to the parties' consent (DN 25) this matter was referred to the undersigned to conduct all proceedings, including entry of orders of final judgment, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The matter stands submitted for ruling.

Nature of the Case

TD Bank is a national banking association. Around January 29, 2009, TD Bank loaned SNP the principal amount of $1,175,000 at a variable interest rate of Prime Rate plus 1% per annum. SNP executed a Note calling for monthly principal and interest payments of $7,750.54 over a term of 25 years. In the event SNP was delinquent in payment, a late charge of up to 5%

1

of the unpaid portion of a scheduled payment was to be imposed. As additional consideration for the loan, Patel executed an unconditional guarantee of payment of all amounts due under the Note. To secure the loan, SNP granted TD Bank a security interest in collateral and a mortgage on real property described as "Pennyrile Parkway, Exit #37, Morton's Gap, Kentucky 42440." TD Bank alleges in its complaint that SNP and Patel have defaulted, and, under the loan documents, it is entitled to accelerated maturity and recovery of the balance due, as well as unpaid interest and costs, including attorneys' fees. TD Bank seeks additional damages for funds expended to pay real estate property taxes on insurance premiums or otherwise protecting or benefiting the mortgaged property. To effect recovery of damages, TD Bank requests foreclosure on the mortgage and sale of the property, as well as sale of the collateral securing the loan agreement. (DN 1, Complaint).

TD Bank's Motion for Summary Judgment

TD Bank's memorandum in support of the motion for summary judgment (DN 16-12) recites the same factual basis as set forth in the complaint. In support of the motion, TD Bank has submitted a copy of the Note evidencing the loan and repayment terms agreed to by SNP (DN 16-2); an Unconditional Guarantee of the loan executed by Patel (DN 16-3); a Loan and Security Agreement granting TD Bank a security interest in collateral (DN 16-4); a U.C.C. statement for the security interest in the collateral filed with the Kentucky Secretary of State (DN 16-5); a mortgage on the real property collateral filed with the Office of the County Clerk of Hopkins County, Ky. (DN 16-6); and a "Notice of Acceleration of Business Loan and Demand for Payment in Full" provided to the Defendants upon default (DN 16-7). These documents are

authenticated in an affidavit executed by Ellen Ferrara, a vice president with TD Bank (DN 16-1).

In addition to authenticating the documents, Ms. Ferrara testifies that the facts regarding the loan transaction are true, and that, while TD Bank has fully performed its obligations under the loan documents, the Defendants have defaulted on the repayment agreement. She states that, as of July 1, 2015, the Defendants were indebted to TD Bank on the loan and consequential damages as follows:

| | |
|---|---|
| Principal: | $ 999,584.29 |
| Interest (4%): | $ 28,308.08 |
| Late fees: | $ 2,838.47 |
| Attorney fees: | $ 7,645.25 |
| Appraisal fees: | $ 4,604.00 |
| TOTAL: | $1,042,980.09 |

(DN 16-1, p. 5).

Ms. Ferrara also testifies that TD Bank has a first mortgage lien on the property and the property cannot be divided without materially impairing its value, and, as such, it should be sold in its entirety, with proceeds from the sale first applied to the interest of TD Bank. She also testifies that TD Bank is entitled to possession of SNP's pledged collateral (DN 16-1).

In their response to the motion, Defendants concede their loan repayment obligation and that they have defaulted on that obligation (DN 18, p. 1). Defendants do, however, take issue with the amount of indebtedness to which Ms. Ferrara has testified. Specifically, they note that her affidavit contends the total amount owed is $1,042,980.09 as of July 1, 2015, however, an earlier calculation as of March 25, 2015, showed an amount $25,603.58 less. While Defendants speculate that the difference might be the result of accrual of interest and fees between the dates, they contend that TD Bank should be required to "prove-up" the amount of damages before

summary judgment is granted (DN 18, p. 2). While Defendants contend TD Bank has not satisfied its burden of proof on the matter of damages, they offer no contradicting calculation or evidence of a lesser amount and rest their entire opposition on the discrepancy between the two figures.

In reply to the Defendants' challenge that it should "prove-up" its damages claim, TD Bank filed another affidavit by Ms. Ferrara (DN 22-1). In this affidavit, she corrects a mistake regarding her earlier itemization of damages (DN 16-1, p. 5), noting that the interest rate was incorrectly stated as 4%, when the correct rate was 4.25%. She further notes that the correct interest rate had been applied in arriving at the stated amount owed on interest[1] (DN 22-1, p. 2).

Ms. Ferrara explains that the initial interest rate on the Note was 6% (prime plus 1%). As the interest rate was variable, it was adjusted on April 1, 2009 to 4.25%. Interest on the Note is computed on a 30/360 simple interest basis, resulting in a per diem interest of $118.01. She provides a calculation of the interest due of $28,308.08 due as of July 1, 2015 (*See also* DN 22-2). Under the Note, late payment incurred a penalty of an additional 5% of the delinquent portion of the regularly scheduled payment. Defendants were assessed this penalty for each missed monthly payment from October 2014 through June 2015[2], totaling $2,838.47 (Id.). Ms. Ferrara also authenticates an invoice for an appraisal conducted on the mortgaged property for $4,500.00 (DN 22-3). An additional processing fee of $104.00 brought the total for that item of claim to $4,604.00 (DN 22-1, p. 3). As to attorney fees, attached to Ms. Ferrara's affidavit is an invoice from TD Bank's counsel itemizing professional services for which TD Bank incurred a

---

1 Ms. Ferrara mistakenly references $23,308.08 as the "correct amount" in her second affidavit (DN 22-1, p. 2). It is clear this is a typographical error in light of her calculation producing the figure of $28,308.08 in ¶ 10 of her second affidavit (DN 22-1, p. 3), which correlates with the same amount stated in ¶ 17 of her first affidavit (DN 16-1, p.5).

2 Ms. Ferrara mistakenly lists missed payments in January through June as taking place in 2014, rather than 2015, in what is clearly a typographical error.

charge of $7,645.25 (DN 22-3). She further explains that part of those fees were in relation to the subject action and part were in relation to a condemnation action instituted by the Kentucky Department of Transportation on an adjoining property over which SNP and TD Bank (by virtue of the mortgage) held easements and TD Bank's efforts to protect the easement interest (DN 22-1, p. 4-5). Also attached to the response is an affidavit from TD Bank's counsel averring that TD Bank incurred the legal fees in relation to the mortgaged property and this action and that the fees charged are reasonable (DN 22-5).

### Findings of Fact and Conclusions of Law

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and all inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Once the moving party shows there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993). Conclusory

allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. Id. at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The undersigned concludes that genuine issues of material fact do not exist in this case, and summary judgment in favor of the Plaintiff is warranted.

      The Defendants' response to TD Bank's motion for summary judgment does not contest the existence of the loan or that they are in default in their repayment obligation. They do not contest that TD Bank holds a security interest in collateral or a mortgage interest in the real property. They do not contest TD Bank's recitation of the obligations imposed by the various loan documents or the authenticity of the documents submitted as evidence in support of TD Bank's motion for summary judgment. The Defendants' response makes no defense against the motion, other than to question whether TD Bank provided sufficient evidence in support of the damages calculation. In its reply, TD Bank provides detailed additional sworn explanation and documentation. Defendants requested an opportunity to address the issue of TD Bank's claimed attorney fees by way of sur-reply but failed to file a sur-reply. In sum, they have made no substantive opposition to the motion for summary judgment.

## ORDER

**WHEREFORE**, Plaintiff's motion for summary judgment (DN 16) is **GRANTED,** and summary judgment is awarded in favor of Plaintiff against Defendants SNP Sairam Hospitality, LLC and Pannaben Patel. Judgment will be entered by separate order.

Copies:       Counsel